IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BORIS SHULMAN ) | C.A. No. 3:07-2967-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| BLUE CROSS AND BLUE SHIELD OF ) | |
| SOUTH CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff Boris Shulman ("Shulman") seeks recovery from his employer, Defendant Blue Cross and Blue Shield of South Carolina ("BCBS"), for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). Specifically, Shulman alleges that he was given unjustifiably low ratings based on his race and national origin and, as to his later ratings, in retaliation for his complaints of unlawful discrimination. Shulman further alleges that he was denied advancement to a higher classification (and related raises) as a result of the low ratings.

The matter is now before the court on appeal of or objection to several non-dispositive matters, as well as on BCBS's motion for summary judgment. For the reasons set forth below, the non-dispositive rulings are affirmed and the motion for summary judgment is granted in full.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued several rulings on non-dispositive matters. Shulman has objected to or appealed some of those rulings including appealing

orders entered on June 9 and 12, 2008 (Dkt. Nos. 64 & 66), and objecting to two orders entered on July 7, 2008 (Dkt. No. 77 & 78) and one entered on August 29, 2008 (Dkt No. 86).[1]

On August 7, 2009, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted in full. Dkt. No. 120. In addition to making this recommendation, the Magistrate Judge denied a motion to prevent a non-party, the South Carolina Human Affairs Commision ("SCHAC"), from destroying any portion of its file relating to Shulman's charge of discrimination. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff timely filed objections to both the dispositive and non-dispositive aspects of the Report on August 24, 2009.

The matter is now before the court for review of the Report and Recommendation as well as the earlier-filed objections and appeals.

**STANDARDS**

**A.     Pretrial Order on Non-dispositive Matters**

To obtain reversal of the Magistrate Judge's order on non-dispositive matters, Plaintiff must "show that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.").

---

[1] The June 9, 2008, order denied Shulman's motion to issue a subpoena and granted a non-party's motion to quash. Dkt. No. 64. The June 12, 2008, order granted Defendant's motion to compel. Dkt. No. 66. Shulman appealed both orders on June 19, 2008. Dkt. No. 69 & 70. The July 7, 2008, orders denied Shulman's motions to extend time to complete discovery ( Dkt. No. 77) and to modify a protective order (Dkt. No. 78). Shulman objected to both orders on July 15, 2008. Dkt. Nos. 80 & 81. The August 18, 2008, order denied Shulman's motion to compel discovery. Dkt No. 86. Shulman objected to that order on August 29, 2008. Dkt. No. 92.

Objections to a magistrate judge's non-dispositive order must be filed "within ten days after being served with a copy" of the order to which objection is made. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*

## B. Report and Recommendation on Dispositive Matters

As to dispositive matters, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

## A. Non-Dispositive Matters.

The court has reviewed and finds no clear error in any of the objected-to or appealed rulings of the Magistrate Judge on non-dispositive matters. The court, therefore, affirms the orders filed as the following docket entries: 64, 66, 77, 78, and 86. This resolves the objections or appeals filed as the following docket entries: 69, 70, 80, 81, and 92.

**B.     Motion for Summary Judgment.**

The court has made a *de novo* review of the Report and underlying record as to all matters to which Shulman lodged an objection and has reviewed the Report for clear error as to other matters. Having done so, the undersigned finds no substantive errors in the Report and concurs with the Report in its analysis. The court will, however, briefly address two points raised in Shulman's objections.

**References to Accent.** Shulman suggests that references to his accent in his July 2004 and July 2005 performance reviews are indicative of national origin discrimination. As the Equal Employment Opportunity Commission ("EEOC") has recognized through its regulations, discrimination based on the "linguistic characteristics of a national origin group" may amount to national origin discrimination. 29 C.F.R. § 1606.1. Thus, proof that Shulman was discriminated against *simply* because he spoke with an accent would support a *prima facie* case of national origin discrimination. *See Carino v. Univ. of Oklahoma Board of Regents*, 750 F.2d 815, 819 ("A foreign accent that does not interfere with a Title VII claimant's ability to perform duties of the position he has been denied is not a legitimate justification for adverse employment decisions.") (10th Cir. 1984); *Bell v. Home Life Ins. Co.*, 596 F. Supp. 1549 (M.D.N.C. 1984) (concluding that "if plaintiff could prove that he had been discriminated against because of his accent, he would establish a *prima facie* case of national origin discrimination").

The evidence in this case does not, however, support the conclusion that Shulman received a "needs improvement" rating with respect to his communications skills simply because he spoke with an accent. Instead, the context of the statement suggests that Shulman's accent was contributing to difficulties in communication. The relevant portion of both reviews stated as

4

follows: "Boris uses active listening skills, and communicates in a professional manner, but at times his oral communication skills fall short, primarily due to his accent. Improvement in this area would help with his team members and managers."

The last sentence above clarifies that the employer's concerns with Shulman's accent related solely to the accent's impact on his ability to communicate with his coworkers. This conclusion is also supported by the Development Plan included on the last page of each of the performance reviews. Both included the following recommendation under the heading "Improve Oral Communciation Skills": "Take classes identified in careerpower such as 'Speak with confidence' and related courses."[2]

Considering the 2004 and 2005 reviews as a whole, therefore, their identical references to accent indicate only that the supervisors were concerned with Shulman's ability to communicate orally with his coworkers, not that they bore any animus against Shulman due to his national origin. Shulman does not direct the court to any other evidence that the accent comments in these reviews were based on a discriminatory animus. The accent comments are not, therefore, sufficient to support a finding of national origin discrimination.

**Alteration of July 2006 Performance Review.** Shulman has directed the court to evidence that the version of the July 2006 performance review which was provided to SCHAC in defense of Shulman's charge of discrimination was falsified. An additional sentence was added to the comments relating to the first objective after the document was signed by Shulman and his

---

[2] Shulman's sole written comment on his 2004 review was "I am interested in taking Systems Analysis and Design class." This suggests that he disagreed with the recommendation that he take courses to improve his communication skills. Shulman did not add any written comments to his 2005 review.

5

supervisor.  Originally, this comment stated: "[Shulman] took classes as outlined in the Development Goals . . . above.  His assignments . . . were completed with the expected results on schedule."  The allegedly added sentence reads: "However, the type of assignments have been limited due to the excessive number of unscheduled time away from the office."

For purposes of this order, the court assumes without deciding that the alteration was made at an inappropriate time and in an effort to bolster BCBS's case before SCHAC.  Obviously, such an alteration would be improper.[3]

Nonetheless, the comment is consistent with expanded comments in the final comments section on the version of the performance review signed by Shulman.  Therefore, while certainly troubling, the apparent modification of the review to bolster BCBS's position does not evidence a change in its stated reasons for giving Shulman lower ratings than he felt he deserved.  It is not, therefore, evidence of pretext.

In short, Shulman has proffered no admissible evidence which would suggest that the evaluations failed to reflect his supervisor's actual views and concerns.  Thus, he has shown no evidence of pretext.  *See generally Holland v. Washington Homes, Inc.*, 487 F.3d 208 (4th Cir. 2007).  Neither has he offered any other evidence which would suggest that the true reasons for the "needs improvement" ratings were motivated by any impermissible animus.

## CONCLUSION

---

[3] In its reply in support of summary judgment, BCBS asserts that the comment was included in the original performance review but was removed based on a complaint from Shulman. *See* Dkt No. 106 at 5 (referring to Shulman's e-mailed objection to the performance review which is found at Dkt. No. 105-2, Ex. 4).  The specific comment is not, however, referenced in Shulman's e-mailed objection.  In any event, it is not clear why BCBS would have provided SCHAC with an earlier version containing the objected to comment after agreeing to remove it from the review.

For the reasons set forth above and in the Report, which is adopted both as to its rationale and result, the court grants Defendant's motion for summary judgment. The court also affirms those prior non-dispositive orders to which objection was made or from which an appeal was taken.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                         CAMERON MCGOWAN CURRIE
                                         UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 2, 2009